IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FALGUNI DAVE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2018 CV 2949 |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND** |
| COOK COUNTY, THOMAS J. DART, in his | ) | |
| Official Capacity as Sheriff of Cook County, and | ) | |
| JOHN JAY SHANNON, M.D., in his Official | ) | |
| Capacity as Chief Executive Officer of the | ) | |
| Cook County Health & Hospitals System, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, FALGUNI DAVE, by and through her Attorney, BRIAN J.

GRABER, LTD., and complaining of the Defendants, COOK COUNTY, THOMAS J. DART, in

his official capacity as Sheriff of Cook County, and JOHN JAY SHANNON, M.D., in his

Official Capacity as Chief Executive Officer of the Cook County Health & Hospitals System, as

follows:

### NATURE OF THE ACTION

1.       Plaintiff, FALGUNI DAVE, a nurse employed at John H. Stroger, Jr., Hospital,

brings this action against Defendants, COOK COUNTY, THOMAS J. DART, in his official

capacity as Sheriff of Cook County, and JOHN JAY SHANNON, M.D., Chief Executive Officer

of the Cook County Health & Hospitals System, for causing Plaintiff to suffer a continuing

severe or pervasive hostile work environment on the basis of her sex in violation of her right of

Equal Protection under the Fourteenth Amendment to the Constitution of the United States,

under the Civil Rights Act of 1866, as amended, 42 U.S.C. §1983 and §1988; Title VII of the

Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., and the Illinois Civil Rights Act, 740 ILCS 23/1 et seq.[1]

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Counts I and II of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f)(3).

3.     This Court has supplemental jurisdiction over Count III which arises under Illinois law pursuant to 28 U.S.C. §1367(a).[2]

4.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because all Defendants reside in the District and all the events giving rise to this suit occurred therein.

## PARTIES

5.     At all times mentioned herein, Defendant, COOK COUNTY, employs the Plaintiff, FALGUNI DAVE, as a nurse at the John H. Stroger, Jr., Hospital of Cook County, located at 1969 Ogden Avenue, in Chicago, Illinois.

6.     At all times mentioned herein, Defendant, COOK COUNTY, is employer as the term is defined by 42 U.S.C. §2000e(b) employing the Plaintiff, FALGUNI DAVE, as a nurse at John H. Stroger, Jr., Hospital, of Cook County engaging in providing medical care, an industry

---

[1] On April 23, 2018, the U.S. DOJ issued the Right-to-Sue Letter and a copy of the U.S. DOJ Right-to-Sue Letter was issued to the Illinois Department of Human Rights. Pursuant to 775 ILCS 5/7A-102(A-1)(3) the Illinois Department of Human Rights is obligated to adopt the findings of the U.S. DOJ and issue a finding that allows Plaintiff to commence a civil action in the appropriate court of competent jurisdiction. Plaintiff's counsel anticipates amending this Complaint at Law to include the Plaintiff's claims of sexual harassment under the Illinois Human Rights Act as soon as the Illinois Department of Human Rights issues the finding allowing Plaintiff to proceed on her Illinois Human Rights claim.

[2] The Court will have jurisdiction over Plaintiff's Illinois Human Rights Act claim against Defendant, Cook County, for sexual harassment under 28 U.S.C. §1367 as soon as the Illinois Department of Human Rights adopts the findings of the U.S. DOJ and allows Plaintiff to proceed on her Illinois Human Rights Act claim for sexual harassment against Defendant, Cook County.

affecting commerce, and having fifteen or more employees for each working day in each of the twenty or more calendar weeks in 2016 or 2015.

7.      At all times mentioned herein, Defendant, COOK COUNTY, is an employer as the term is defined by 775 ILCS 5/2-101(B)(1)(b) and (c) employing Plaintiff, FALGUNI DAVE, as a nurse at John H. Stroger, Jr., Hospital of Cook County engaging in providing medical care at 1969 Ogden Avenue, Chicago, Illinois.

8.      At all times mentioned herein, Plaintiff, FALGUNI DAVE, is an employee of the Defendant, COOK COUNTY, as the term is defined by 42 U.S.C. §2000e(f) and 775 ILCS 5/2-101(A).

9.      At all times mentioned herein, Defendant, COOK COUNTY, employed Plaintiff, FALGUNI DAVE, as a licensed registered nurse at John H. Stroger, Jr., Hospital of Cook County, on 7west.

10.     At all times mentioned herein, Plaintiff, FALGUNI DAVE, is a protected class, female, under Equal Protection Clause of the 14th Amendment, 42 U.S.C. §1983 and §1988; Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-2(a)(1); and the Illinois Human Rights Act, 775 ILCS 5/1-103(O) and (Q).

11.     At all times mentioned herein, Defendant, COOK COUNTY, maintains jails and prisons, including a large jail located at 2700 S. California, in Chicago, Illinois.

12.     At all times mentioned herein, Defendant, COOK COUNTY, is responsible for the budget and for providing medical care to all inmates in its jails as well as all aspects of security, discipline, and inmate control when those inmates need to be transferred to the Cook County hospitals for medical care and treatment, especially, John H. Stroger, Jr., Hospital of Cook County.

13.     At all times mentioned herein, Defendant, THOMAS J. DART, in his Official Capacity, as Sheriff of Cook County, and through his deputy Sheriffs, Jail Guards, and other employees are responsible for providing inmate control, discipline, and security when inmates are transferred to the Cook County Hospitals, such as John H. Stroger Hospital of Cook County, for medical care and treatment while those inmates are in custody of Defendant, COOK COUNTY.

14.     At all times mentioned herein, on information and belief, Defendant, THOMAS J. DART, in his Official Capacity as Sheriff of Cook County, is a final policy maker for Defendant, COOK COUNTY, with regard to protecting Defendant, COOK COUNTY, employees such as Plaintiff, FALGUNI DAVE, from sexual harassment by inmates in the custody and control of Defendant, COOK COUNTY, taken to John H. Stroger, Jr., Hospital of Cook County for medical care and treatment.

15.     At all times mentioned herein, Defendant, THOMAS J. DART's actions complained of herein were taken under color of state law and were related to the performance of the duties of his office. Defendant, THOMAS J. DART, is sued in his official capacity.

16.     On or about June 27, 2014, on information and belief, Defendant, JOHN J. SHANNON, M.D., was appointed to the position of the Chief Executive Officer of Cook County Health & Hospitals System.

17.     At all times mentioned herein, on information and belief, Defendant, JOHN J. SHANNON, M.D., is the final policy maker for Defendant, COOK COUNTY, in approving and enforcing the Equal Employment Opportunity Discrimination and Harassment Policy that was in effect at the John H. Stroger, Jr., Hospital of Cook County and otherwise preventing sexual harassment and abuse of female medical staff, including the Plaintiff, FALGUNI DAVE.

4

18. At all times mentioned herein, Defendant, JOHN JAY SHANNON, M.D.'s actions complained of herein were taken under color of state law and were related to the performance of the duties of his office. Defendant, JOHN JAY SHANNON, M.D., is sued in his official capacity.

19. At all times mentioned herein, the Defendant, COOK COUNTY, has responsibility for preventing and investigating sexual harassment occurring at the John H. Stroger, Jr., Hospital of Cook County committed by inmates against its staff of female nurses, including the Plaintiff, FALGUNI DAVE. Defendant, COOK COUNTY's actions complained of herein were taken under color of state law.

20. At all times mentioned herein, the Defendants, COOK COUNTY, THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., have responsibility to control, discipline, to secure male inmates in their custody and control, and otherwise, prevent those male inmates from sexually harassing and sexually abusing female medical staff, including the Plaintiff, FALGUNI DAVE, at John H. Stroger, Jr., Hospital of Cook County when those male inmates are brought in for medical care.

## DEFENDANTS' KNOWLEDGE THAT COOK COUNTY JAIL INMATES SEXUALLY HARASS FEMALE EMPLOYEES

21. Between July 1, 2015, and January 20, 2016, Defendants, COOK COUNTY, and THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., in his official capacity were aware of over 200 incidents of male inmates exposing themselves or masturbating in public as well as urinating and throwing feces. See https://chicago.suntimes.com/news/jail-inmates-target-female-guards-lawyers-with-sexual-abuse/

22. From approximately August of 2015, to present, Defendants, COOK COUNTY, and THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., in his

official capacity, were aware of male inmates calling themselves "Savage Life" facing serious criminal charges regularly sexually harass and abuse female staff members by exposing themselves and masturbating, in the jail and the Cook County Health & Hospital System. See https://chicago.suntimes.com/news/jail-inmates-target-female-guards-lawyers-with-sexual-abuse/

23.     Defendant, COOK COUNTY, and THOMAS J. DART, in his official capacity, received a letter from Amy P. Campanelli of the Public Defender of Cook County, dated March 21, 2017, stating that on a daily basis, male detainees in the lockups and criminal courtrooms are exposing themselves and masturbating in front of female public defenders and law clerks.

24.     As of November 16, 2017, Defendants, COOK COUNTY, and THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., in his official capacity, were aware of at least three class-action lawsuits (2017 CV 08248, 2017 CV 8085, and 2017 CV 8146) alleging that Defendants failed to protect female workers, female public defenders, and female employees at Cermak Health Services against frequent and egregious sexual harassment by male inmates in the Cook County Jail.

25.     Defendants, COOK COUNTY, and THOMAS J. DART, knew that male inmates were sexually harassing female staff because Defendant, THOMAS J. DART, created a system to reward offenders if they went thirty days without exposing themselves and masturbating in front of female staff.

26.     On and before October 6, 2017, Defendants, COOK COUNTY, and THOMAS J. DART, in his official capacity, knew that if their deputies/jail guards failed to follow their training and policies it is foreseeable that male inmates would sexually abuse and sexually assault females as evidence by a $3.25 million settlement with a female detainee who was

sexually assaulted by two male detainees. See http://www.chicagotribune.com/suburbs/daily-southtown/news/ct-sta-courthouse-sexual-assault-st-1008-20171006-story.html .

27.     On information and belief, Defendants, COOK COUNTY, THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., in his official capacity, knew as of May 13, 2017, that it is foreseeable that unshackled inmates in hospitals could take a correction officer's gun, and then torture and rape nurses like the May 13, 2017, incident that occurred at Northwestern Medicine Delnor Hospital. http://www.chicagotribune.com/suburbs/aurora-beacon-news/crime/ct-ab_-nurses-argue-against-lawsuit-dismissal-st-1205-20171206-story.html.

28.     At all times mentioned herein, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., knew that unshackled male inmates would expose themselves and masturbate in front of female nurses and otherwise sexually abuse and harass female nurses employed by Defendant, COOK COUNTY, at John H. Stroger, Jr., Hospital, when male inmates are brought there for medical treatment.

29.     At all times mentioned herein, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., knew that the sexual harassment and sexual abuse directed against female nurses by male inmates at John H. Stroger, Jr., Hospital, created a sexually hostile, sexually abusive, and unequal work environment for female employees, including the Plaintiff, FALGUNI DAVE, but not for male medical employees.

**ALLEGATIONS COMMON TO ALL CLAIMS**

30.     In approximately April of 2016, Defendants, COOK COUNTY, and THOAMS J. DART, began bringing in male inmates for medical treatment on 7West at the John H. Stroger, Jr., Hospital and Defendant, JOHN JAY SHANNON, M.D., was fully aware of this practice.

31.     Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., knew or should have known that these male inmates would sexually harass and abuse their female medical employees, including the Plaintiff, FALGUNI DAVE, who would be assigned to provide medical care to these male inmates.

32.     On or about April 26, 2016, Plaintiff, FALGUNI DAVE, was forced to sit with a male inmate for one hour while the male inmate's PCA went to lunch because the Defendant, COOK COUNTY, was short staffed. This male inmate was under orders of direct observation.

33.     On or about April 26, 2016, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., were aware Plaintiff, FALGUNI DAVE, was forced to sit with this male inmate admitted for ingestion of a foreign body and another inmate both began a sexually harassing conversation about certain female officers, nurses, and other female staff caring for them.

34.     On or about April 26, 2016, Defendants, COOK COUNTY, THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., in his official capacity, were aware that during this one-hour period, Plaintiff, FALGUNI DAVE, was forced to observe the male inmate expose himself to Plaintiff and continuously masturbate in front of the Plaintiff while Cook County Corrections Guard did nothing to stop the ongoing sexual abuse.

35.     On or about April 26, 2016, Defendants, COOK COUNTY, THOMAS J. DART, in his official capacity, and JOHN JAY SHANNON, M.D., in his official capacity, were aware that anytime the Plaintiff, FALGUNI DAVE, had to enter this inmate's hospital room he would make sexually harassing statements like, "I love you. . . . You are the most beautiful woman I have seen . . . . I will come back and get you." The Cook County Corrections Guard did nothing to stop the sexual abuse.

36.     On or about April 27, 2016, Defendants, COOK COUNTY, and JOHN JAY SHANNON, M.D., was aware that Plaintiff, FALGUNI DAVE, complained of the ongoing sexual harassment from male inmates coming into the hospital in writing to Defendant, COOK COUNTY'S management employees, Agnes M. Therady, Alesia Coe, Beena Philip, Linda Liu, and Elizabeth Lalaza, union representative, and a co-worker on the floor.

37.     On or about April 26, 2016, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., were aware that Plaintiff, FALGUNI DAVE, was assigned to care for another detainee and as soon as Plaintiff walked into the hospital room this detainee put his hand under his blanket and began masturbating.

38.     On or about April 27, 2016, Defendant, COOK COUNTY'S attending physician approached Plaintiff, FALGUNI DAVE, and inquired about her complaints of sexual harassment by male inmate patients. Plaintiff, FALGUNI DAVE, explained the sexual harassment that she experienced to the attending physician who made comments, "Well that's what you get for being so beautiful."

39.     On or about April 29, 2016, Plaintiff, FALGUNI DAVE, placed the Defendant, COOK COUNTY'S and JOHN JAY SHANNON'S management employees on notice in writing of the incidents of sexual harassment that occurred on April 26, 2016.

40.     On or about May 16, 2016, Plaintiff, FALGUNI DAVE, was forced to provide nursing care to for another male inmate on 7west who destroyed his hospital room, urinating all over his room, and calling Plaintiff, FALGUNI DAVE, a "fucking bitch" and screaming, "get the fuck out."

41.     Despite being on notice of ongoing sexual harassment and sexual abuse of female staff, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D.,

9

have not taken steps to prevent male inmates from sexually harassing and sexually abusing female medical staff, including, Plaintiff, FALGUNI DAVE, and are well aware that sheriff's deputies and DOC officers do nothing to stop male inmates from sexually harassing and sexually abusing medical staff so as to create an unequal workplace for female medical staff.

42.     On or about May 19, 2017, Defendant, COOK COUNTY, was put on notice Plaintiff, FALGUNI DAVE, filed a Charge of Discrimination No. 440-2016-04169 with both the EEOC and the IDHR for the sexual harassment and sexual abuse committed against her by Cook County Jail male inmates she was forced to provide nursing care.

43.     Since May 19, 2017, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, knew of the Charge of Discrimination No. 440-2016-04169 that male inmates whom Plaintiff, FALGUNI DAVE, was forced to provide nursing care to would sexually harass the Plaintiff, FALGUNI DAVE, and that the jail guards would not step in to prevent male inmates from sexually harassing female medical staff so as to create an unequal working environment for female medical staff but not for male medical staff. The inaction of the Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., created as sexually hostile and violent workplace for female medical staff but not for male medical staff.

44.     On or about November 1, 2017, Plaintiff, FALGUNI DAVE, was struck several times by a male inmate while providing nursing services.

45.     On or about November 1, 2017, Defendants, COOK COUNTY'S and JOHN JAY SHANNON'S management employee, Beena Philip was made aware of this incident of workplace violence directed at Plaintiff, FALGUNI DAVE.

46.     On or about November 5, 2017, Plaintiff, FALGUNI DAVE, was treating several assigned patients on her POD which contained a male inmate who was not her assigned patient.

47.     On or about November 5, 2017, the male inmate placed his hands under his sheets and began masturbating trying to keep the Plaintiff, FALGUNI DAVE, in his view making it very frightening and hard for the Plaintiff, FLAGUNI DAVE, to provide nursing care to her assigned patients while this male inmate leered at her while continuously masturbating.

48.     On or about November 5, 2017, Plaintiff, FALGUNI DAVE, closed the privacy curtain so she could provide nursing care to her assigned patients and the male inmate pulled back the curtain so he could continue to leer at Plaintiff, FALGUNI DAVE, while he continued to masturbate.

49.     On or about November 5, 2017, the guard did nothing to stop the male inmate from sexually harassing the Plaintiff, FALGUNI DAVE, while she was trying to provide nursing care to her assigned patients.

50.     On or about November 5, 2017, Plaintiff, FALGUNI DAVE, reported the male inmate's sexual harassment to Officer Ochoa who told the Plaintiff, FALGUNI DAVE, that she could not do anything to prevent the male inmate from sexually harassing Plaintiff.

51.     On or about November 13, 2017, Plaintiff, FALGUNI DAVE, reported the male inmate's sexual harassment in writing to Defendant, COOK COUNTY'S and JOHN JAY SHANNON'S management employees, Beena Philips, Dragica Vlahovic, Agnes Therady, and Jay John.

52.     On or about November 13, 2017, Defendant, COOK COUNTY, though its management employee, Agnes Therady, acknowledged receipt of Plaintiff's complaint of sexual harassment and promised to take action, however, nothing has happened to date.

53.     On or about December 6, 2017, a co-worker, Mr. Lofton called Plaintiff, FALGUNI DAVE, a "bitch" on the phone.

11

54.     Later, on or about December 6, 2017, Mr. Lifton admitted he called Plaintiff, FALGUNI DAVE, a "bitch" stating, "I called you a bitch because you are a bitch." Mr. Lifton went on to threaten the Plaintiff, FALGUNI DAVE, saying, "You do not know who you're dealing with."

55.     On or about December 11, 2017, Plaintiff, FALGUNI DAVE, reported Mr. Lifton's sexual harassment and threats of workplace violence to Defendant, COOK COUNTY, through its management employees, Dragic Vlahavic, Mohmad Abu Realth, Beena Philips, and John Jay.

56.     On or about January 9, 2018, Defendant, COOK COUNTY, acting through its EEO employee, Shanee Mahion, acknowledge receipt of Plaintiff's complaint against Mr. Lifton.

57.     On or about January 28, 2018, Plaintiff, FLAGUNI DAVE, was assigned to provide nursing care to another male inmate.

58.     On or about January 28, 2018, Plaintiff, FALGUNI DAVE, was filling up the male inmate's air mattress when the male inmate began touching himself saying, "honey come here."

59.     On or about January 28, 2018, Plaintiff, FALGUNI DAVE, demanded that the male inmate stop and the male inmate asked, "Why" as he touched himself continuously.

60.     On or about January 28, 2018, the guard assigned to the male inmate did nothing to stop the inmate's sexual harassment of Plaintiff, FALGUNI DAVE, despite the fact that male inmate's sexual harassment of the Plaintiff, FALGUNI DAVE, was obvious.

61.     On or about January 28, 2018, Plaintiff, FALGUNI DAVE, learned that this male inmate had sexually harassed other female medical staff before sexually harassing her.

62.     On or about January 30, 2018, Plaintiff, FALGUNI DAVE, reported the male inmate's sexual harassment to Defendant, COOK COUNTY, through its management staff, Beena Philiphs and Dragica Vlahovic.

63.     Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., know that male inmates taken to John Stroger, Jr., Hospital will continue to sexually abuse and sexually harass female medical staff, including Plaintiff, FALGUNI DAVE, and that jail guards assigned to the male inmates do nothing to prevent male inmates from sexually harassing and sexually abusing female medical staff so as to create an unequal work environment for female medical staff, including the Plaintiff, FALGUNI DAVE, that will continue into the foreseeable future. Defendants knew that jail guards protected male medical staff from abuse from male inmate.

64.     Defendants, COOK COUNTY, and JOHN JAY SHANNON, M.D., know that male inmates taken to John H. Stroger Jr., Hospital will continue to sexually harass and sexually abuse female medical staff, including the Plaintiff, FALGUNI DAVE, and that management and supervisory employees fail to do anything about female medical employee's complaints of sexual abuse and sexual harassment in violation of Defendant, COOK COUNTY's Equal Employment Opportunity Discrimination and Harassment Policy.

65.     At all times mentioned herein, Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., knew that male inmates taken to John Stroger, Jr., Hospital, for medical care did not sexually abuse and sexually harass male medical staff in a similar manner that they sexually harassed and sexually abuse female medical staff, including the Plaintiff, FALGUNI DAVE. Defendants knew that immediate action was taken when male inmates abused male medical staff.

66.     At all times mentioned herein, Defendants, COOK COUNTY, THOMAS J.

DART, and JOHN JAY SHANNON, M.D., in his official capacity, knew this conduct was solely

directed against female medical staff and the Plaintiff, FALGUNI DAVE, because of their sex.

**COUNT I**

**COOK COUNTY**

**TITLE VII-SEXUAL HARASSMENT**

NOW COMES the Plaintiff, FALGUNI DAVE, by and through her Attorney, BRIAN J.

GRABER, LTD., complaining Defendant, COOK COUNTY, violated 42 U.S.C. §2000e-2(a)(1)

of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and in

support thereof, the Plaintiff states as follows:

1-66.   Plaintiff, FALGUNI DAVE, re-alleges paragraphs 1-66 as paragraphs 1-66 of

Count I against Defendant, COOK COUNTY.

67.     On January 31, 2018, Plaintiff, FALGUNI DAVE, timely dual filed her Charge of

Discrimination No. 440-2018-02915 against her employer, COOK COUNTY, with both the

EEOC and the IDHR through the EEOC.

68.     After January 31, 2018, on information and belief, Defendant, COOK COUNTY,

acting through its Bureau Chief of Human Resources, Velisha Haddox, was aware of Plaintiff,

FALGUNI DAVE'S Charge of Discrimination No. 440-2018-02915.

69.     On or about April 23, 2018, the U.S. Department of Justice – Civil Rights

Division issued a Notice of Right-to-Sue under Plaintiff's Charge of Discrimination No. 440-

2018-02915 to the Plaintiff, FALGUNI DAVE, and gave Notice of the Right-to-Sue to the

Defendant, COOK COUNTY.

70.     On or about April 25, 2018, the Plaintiff, FALGUNI DAVE, timely filed this lawsuit on her Charge of Discrimination No. 440-2018-02915 against the Defendant, COOK COUNTY, with time limits of the April 23, 2018, Notice of the Right-to-Sue issued by the U.S. Department of Justice – Civil Rights Division.

71.     At all times mentioned herein, Plaintiff, FALGUNI DAVE, was subjected to unwelcome severe or pervasive sexual harassment consisting of male inmates, exposing themselves and masturbating; male inmates making unwelcome statements of a sexual nature; physical abuse; male inmates unwelcome conduct masturbating and otherwise touching themselves in a sexual manner while leering at Plaintiff; and male co-worker's actions of calling Plaintiff a "bitch" and otherwise threatening her.

72.     At all times mentioned herein, Plaintiff, FALGUNI DAVE, was subjected to an unwelcome severe or pervasive sexual harassment and sexual abuse which significantly altered the conditions of her employment because of her gender.

73.     At all times mentioned herein, the unwelcome sexual harassment as mentioned herein, created a sexually hostile working environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) for the Plaintiff, FALGUNI DAVE, because of her sex, female.

74.     At all times mentioned herein, Defendant, COOK COUNTY, knew or should have known about the sexually harassing and sexually abusive conduct committed by male inmates and a co-worker against the Plaintiff, FALGUNI DAVE.

75.     At all times mentioned herein, Defendant, COOK COUNTY, knew or should have known that the jail guards assigned to the inmates do nothing to prevent male inmates from sexually harassing female medical staff, including the Plaintiff, FALGUNI DAVE.

76.     At all times mentioned herein, Defendant, COOK COUNTY, did not take any reasonable steps to correct the situation or otherwise prevent the male inmates from sexually harassing female medical staff, including the Plaintiff, FALGUNI DAVE.

77.     At all times mentioned herein, Defendant, COOK COUNTY, did not take any steps to notify the Cook County Sheriff's Office and/or Thomas J. Dart, that the jail guards failed to take any action to prevent male inmates from sexually harassing and sexually abusing female medical staff, including the Plaintiff, FALGUNI DAVE.

78.     At all times mentioned herein, Defendant, COOK COUNTY, knew that Plaintiff, FALGUNI DAVE'S managers and supervisors ignore her reports or otherwise fail to take any action to prevent and correct the ongoing sexual harassment.

79.     As a direct and proximate cause of Defendant, COOK COUNTY's continuous failure to take action to prevent sexual harassment of its female medical staff by male inmates and male co-workers, and knowing that jail guards assigned to male inmate patients do nothing to prevent male inmates from sexually harassing and sexually abusing female medical staff, the Plaintiff, FALGUNI DAVE, has suffered damages of a personal and pecuniary nature as a result of the ongoing sexual harassment.

80.     Pursuant to 42 U.S.C. §1981a Plaintiff, FALGUNI DAVE, seeks compensatory damages for emotional distress flowing from the Defendant, COOK COUNTY, violation of 42 U.S.C. §2000e-2(a)(1) for the sexually harassing and sexually abusive work environment.

81.     Pursuant to 42 U.S.C. §2000e-5(g) seeks any back pay, lost wages, or benefits; and equitable relief designed to enjoin and prevent a sexually harassing work environment and other equitable relief deemed necessary.

82.     Pursuant to 42 U.S.C. §2000e-5(k) Plaintiff, FALGUNI DAVE, seeks an award of reasonable attorney's fees, including expert witness fees as part of the costs.

WHEREFORE, Plaintiff, FALGUNI DAVE, prays this Honorable Court enters judgment on her behalf against Defendant, COOK COUNTY, in the amount of in excess of $400,000.00 for the following:

1.     Equitable relief requiring Defendant, COOK COUNTY, to adopt and implement policies and procedures, and practices that will curtail continued sexual harassment and sexual abuse of female medical staff, including the Plaintiff by male inmates and otherwise eliminate the sexually hostile and abusive work environment.

2.     Award the Plaintiff compensatory damages.

3.     Award the Plaintiff any back pay, lost wages, and benefits resulting from the sexual harassment.

4.     Award the Plaintiff reasonable attorney's fees and court costs, including expert witness fees.

5.     Award the Plaintiff any post-judgment interest.

6.     Grant any additional relief as the Court deems appropriate.

## COUNT II

**COOK COUNTY, THOMAS J. DART (Official Capacity), and
JOHN JAY SHANNON, M.D., (Official Capacity)**

**42 U.S.C. §1983 – EQUAL PROTECTION/SEXUAL HARASSMENT**

NOW COMES the Plaintiff, FALGUNI DAVE, by and through her Attorney, BRIAN J. GRABER, LTD., complaining of the Defendants, COOK COUNTY, JOHN JAY SHANNON, M.D., (Official Capacity) and THOMAS J. DART, (Official Capacity) violated 42 U.S.C. §1983 Equal Protection/Sexual harassment and in support thereof the Plaintiff states as follows:

17

1-66.   Plaintiff, FALGUNI DAVE, re-alleges paragraphs 1-66 as paragraphs 1-66 of Count II against Defendants, COOK COUNTY, JOHN JAY SHANNON, M.D., (Official Capacity), and THOMAS J. DART, (Official Capacity).

67.   Defendants, COOK COUNTY, as Plaintiff, FALGUNI DAVE'S employer, and JOHN JAY SHANNON, M.D., in his Official Capacity, intentionally failed to take any measures reasonably calculated to end or mitigate the sexual harassment and sexual abuse by male inmates and eliminate or curtail the sexual harassment against the Plaintiff, FALGUNI DAVE, and female medical staff, and otherwise completely ignored all complaints of sexual harassment and abuse and failed to investigate complaints of sexual harassment, otherwise failed to train management staff on how to protect medical staff from sexual harassment, and failed to require Defendants, COOK COUNTY, and THOMAS J. DART, to take steps require guards to discipline and protect female medical staff from sexual abuse and harassment that was so widespread and well settled as to constitute the de facto equivalent of a formal policy of sex discrimination. Alternatively, Defendants, COOK COUNTY, and JOHN JAY SHANNON, M.D., in his Official Capacity, have denied Plaintiff, FALGUNI DAVE, equal protection of the laws by their acquiescence in and deliberate indifference to such open and obvious sexual harassment and sexual abuse.

68.   Defendants, COOK COUNTY, and THOMAS J. DART, in his individual capacity, intentionally failed to train, or otherwise require guards to discipline, and use reasonable force necessary to prevent male inmates from sexually harassing and sexually abusing female medical staff, ignoring female medical staffs complaints of sexual harassment, including Plaintiff, FALGUNI DAVE, and otherwise failed to take any measures reasonably calculated to end or mitigate that harassment, and their failure to enforce discipline against male inmates,

protect the Plaintiff, and eliminate or curtail the sexual harassment against Plaintiff has been so widespread and well-settled as to constitute the de facto equivalent of a formal policy of sex discrimination. Alternatively, Defendants, COOK COUNTY, and THOMAS J. DART, have denied Plaintiff, FALGUNI DAVE, equal protection of the laws by their acquiescence in a deliberate indifference to such open on obvious sexual harassment and sexual abuse.

69.     As a direct and proximate cause of Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., and each of them, the Plaintiff, FALGUNI DAVE, has suffered pecuniary and compensatory damages including emotional distress flowing from the sexual harassment and sexual abuse and seeks equitable remedies designed to prevent any further sexual harassment and sexual abuse reasonably calculated to end the unequal work environment.

70.     As a direct and proximate cause of Defendants, COOK COUNTY, THOMAS J. DART, and JOHN JAY SHANNON, M.D., and each of them, the Plaintiff, FALGUNI DAVE, seeks reasonable attorney's fees, expert witness fees, and litigation costs as required by 42 U.S.C. §1988.

WHEREFORE, Plaintiff, FALGUNI DAVE, prays this Honorable Court enters judgment on her behalf against Defendants, COOK COUNTY, THOMAS J. DART, in his Official Capacity as Sheriff of Cook County, and JOHN JAY SHANNON, M.D., in his Official Capacity as Chief Executive Officer of Cook County Health & Hospital System in the amount of in excess of $1,000,000.00 for the following:

1.     Equitable relief requiring Defendants to adopt and implement policies and procedures, and practices that will curtail continued sexual harassment and sexual abuse of female medical staff, including the Plaintiff by male inmates and otherwise eliminate the sexually hostile and abusive work environment.

2.      Award the Plaintiff compensatory damages.

3.      Award the Plaintiff any back pay, lost wages, and benefits resulting from the sexual harassment.

4.      Award the Plaintiff reasonable attorney's fees and court costs, including expert witness fees.

5.      Award the Plaintiff any post-judgment interest.

6.      Grant any additional relief as the Court deems appropriate.

## COUNT III

## COOK COUNTY

## ILLINOIS CIVIL RIGHTS ACT, 740 ILCS 23/5

NOW COMES the Plaintiff, FALGUNI DAVE, by and through her Attorney, BRIAN J. GRABER, LTD., complaining Defendant, COOK COUNTY, violated the Illinois Civil Rights Act, 740 ILCS 23/5, as follows:

1-66.   Plaintiff, FALGUNI DAVE, re-alleges paragraphs 1-66 as paragraphs 1-66 of Count III against Defendant, COOK COUNTY.

67.     At all times mentioned herein, Defendant, COOK COUNTY, through its agents have known that Plaintiff, FALGUNI DAVE, was being subjected to severe and pervasive sexual harassment and sexual abuse.

68.     With knowledge of that sexual harassment and sexual abuse, Defendant, COOK COUNTY, has intentionally failed to take measures reasonably calculated to end or mitigate it.

69.     As a direct and proximate result of Defendant, COOK COUNTY'S failure to take appropriate corrective steps to protect Plaintiff, FALGUNI DAVE, from sexual harassment and abuse, the Plaintiff seeks actual damages flowing from the sexual harassment and sexual abuse,

seeks equitable relief designed to end the sexual harassment and sexual abuse, reasonable attorney's fees, expert witness fees, and other litigation expenses.

WHEREFORE, Plaintiff, FALGUNI DAVE, prays this Honorable Court enters judgment on her behalf against Defendant, COOK COUNTY, in the amount of in excess of $500,000.00 for the following:

1.  Equitable relief requiring Defendants to adopt and implement policies and procedures, and practices that will curtail continued sexual harassment and sexual abuse of female medical staff, including the Plaintiff by male inmates and otherwise eliminate the sexually hostile and abusive work environment.

2.  Award the Plaintiff actual damages flowing from the sexual harassment and sexual abuse.

3.  Award the Plaintiff reasonable attorney's fees and court costs, including expert witness fees.

4.  Award the Plaintiff any post-judgment interest.

5.  Grant any additional relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff, FALGUNI DAVE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

/s/ Brian J. Graber
Attorney for Plaintiff

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Falguni Dave

150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
FAX (312) 854-2877
Email: graberlaw1973@gmail.com