IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FALGUNI DAVE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2018 CV 2949 |
| | ) | |
| v. | ) | |
| | ) | District Judge Matthew F. Kennelly |
| COOK COUNTY, THOMAS J. DART, in his | ) | |
| Official Capacity as Sheriff of Cook County, and | ) | Magistrate Judge Daniel G. Martin |
| COOK COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT, COOK COUNTY'S TO PROVIDE COMPLETE ANSWERS TO PLAINTIFF'S 1ST SET OF INTERROGATORIES**

NOW COMES the Plaintiff, FALGUNI DAVE, by and through her Attorney, BRIAN J. GRABER, LTD., and pursuant to Fed. R. Civ. P. 26, 33, 34, and 37 seeks an Order compelling the Defendant, COOK COUNTY, to provide complete answers to Plaintiff's 1st Set of Interrogatories No. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, and in support thereof the Plaintiff states as follows:

**INTRODUCTION**

1. This matter arises out of the Defendant's choice to ignore horrific sexual harassment of the Plaintiff by male inmates brought into to John H. Stroger, Jr., Cook County Hospital for medical care and their choice to take no action to protect the Plaintiff from that horrific sexual harassment.

2. **LR37.2 Certification:** Attached as Plaintiff's Exhibit A is a Certificate of Meet and Confers demonstrating Plaintiff has complied with Local Rule 37.2. (See Certificate of Meet and Confer marked as Pl.'s Ex. 1 and hereinafter referred to as Pl.'s Ex. 1).

1

I. **DEFENDANT'S GENERAL OBJECTIONS TO PLAINTIFF'S 1ST SET OF INTERROGATORIES SHOULD BE STRICKEN.**

3. Defendant makes 9 paragraphs of boilerplate "General Objections" to Plaintiff's 1st Set of Interrogatories in violation of LR33.1 before setting forth the Interrogatories and any objections and its answers to Interrogatories. (See Def.'s Answer to Pl.'s 1st Set of Interrogs. at ¶¶ 1-9 at pp. 1-2, hereinafter referred to as Pl.'s Ex. 2). LR33.1 requires Defendant to set forth its objections immediately preceding the answer to interrogatories.

4. An objection to discovery is not satisfied by the invocation of routinized boilerplate objections rather than actually showing how why a discovery request is improper. Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc., 2017 U.S. Dist. LEXIS 146907 at *4 (N.D. Ill. Sep. 12, 2017). General objections are "tantamount to not making any objection at all." Bankdirect Capital Fin., LLC, 2017 U.S. Dist. LEXIS 146907 at *4. Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, their use continues unabated, with the consequent institutional burdens, and the needless imposition of costs on the opposing party. United Auto. Ins. v. Veluchamy, 2010 U.S. Dist. LEXIS 19432 at *18 (N.D. Ill. Mar. 1, 2010). Therefore, the Defendant's boilerplate "General Objections" to Plaintiff's 1st Set of Interrogatories on pp. 1-2 at ¶¶ 1-9 should be stricken.

II. **DEFENDANT PROVIDES A NON-RESPONSIVE ANSWER INTERROGATORY NO. 1 AND FAILS TO SUPPORT ANY CLAIMS OF ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGE.**

5. Defendant's burden to satisfy its objections to Plaintiff's 1st Set of Interrogatories No. 1 cannot be met with the same baseless, often abused litany that the discovery request is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claims or defenses in this matter. See Bankdirect Capital Fin., LLC, 2017 U.S. Dist. LEXIS 146907 at 4 (holding these types of boilerplate objections ineffectual) as follows:

1. Identify the name(s) of the governmental entity(ies) or department(s) responsible for protecting Defendant's female medical staff (i.e., nurses like the Plaintiff) at John H. Stroger, Jr., Hospital of Cook County from male inmate patients' sexual harassment and sexual abuse between January 1, 2015, to present.

ANSWER: Defendant objects to Interrogatory No. 1 on the grounds that it is unduly burdensome, overly broad, confusing, not reasonably limited in time and scope, seeks attorney-client or attorney work-product privileged communications, is vague and seeks information not relevant to any claims of defenses in this matter. Subject to and without waiving the forgoing objections and General Objections, Defendant states that employee complaints about the conduct of detainee patients are referred to the Stroger Hospital Police Department and the Cook County Department of Corrections for investigation. Investigation continues. Defendant reverse the right to supplement its response.

(See Pl.'s Ex. 2 at No. 1).

Defendant cannot rely on objections based on attorney-client or work product privileges that do not comply with Fed. R. Civ. P. 26(b)(5). See <u>Flentye v. Kathrein</u>, 2007 U.S. Dist. LEXIS 74260 at *6 (N.D. Ill. Oct. 2, 2007). Defendant would be hard pressed to justify how this Interrogatory seeks information protected by attorney-client or work product privileges and would be able to refuse to answer any discovery on this issue. Defendant has waived any privilege claims. After eliminating all of the unsupported boilerplate generalized objections and unsupported privilege claims, the Defendant provides a non-responsive and evasive answer to Plaintiff's 1st Interrogatory No. 1 by stating Stroger Police or co-defendant investigate employee complaints. (See Pl.'s Ex. 2 at No. 1). Defendant should be compelled to provide a complete answer to Interrogatory No. 1, identifying the government entities responsible for protecting the Defendant's female medical staff from inmate patients' sexual harassment between January 1, 2015, to present.

### III. DEFENDANT SHOULD BE COMPELLED TO PROVIDE A COMPLETE ANSWER TO INTERROGATORY NO. 2 AND ITS OBJECTIONS SHOULD EB OVERRULED.

3

6. Defendant refused to provide an answer to Interrogatory No. 2 and made a bunch of boilerplate objections and unsupported privilege claims as follows:

2. State whether the Defendant was aware of Dr. Watts' instructions or orders that the inmate patient in room 7534 on April 26, 2016, should not have any female medical staff because of his known sexually harassing and sexually abusive behavior as well as any ordered precautions for female medical staff and describe the steps Defendant took on April 26, 2016, to protect its female medical staff from sexual harassment by this inmate patient.

ANSWER: Defendant objects to Interrogatory No. 2 on the grounds that it is unduly burdensome, overly broad, confusing, not reasonably limited in time or space, seeks attorney-client or work-product privileged communications, and seeks information not relevant to any claim or defense in this matter. Defendant further objects to Interrogatory No. 2 as it seeks information privileged under the Patient Safety and Quality Improvement Act and Illinois Medical Studies Act and seeks confidential protected health information. Subject to and without waiving the forgoing objections and General Objections, Defendant lacks sufficient information to respond at this time. Defendant would need to review the patient's medical record to provide a complete answer. Defendant can only search medical records with a patient's name or medical record number. Investigation continues. Defendant reserves the right to supplement its response.

(See Pl.'s Ex. 2 at No. 2).

As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5). See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. Plaintiff provided Defendant with an email describing that this male inmate patient had exposed himself to the Plaintiff and masturbated in front of her for an hour.[1] This email describes Dr. Watts statements to the Plaintiff that the male inmate should not have any female medical staff and that when in therapy sessions in Cook County Jail he must have his hands visible at all times with female medical staff. Defendant, CCSO, has since identified this male inmate so the Defendant now has this inmate's name. Defendant just refuses to answer the Interrogatory and should be compelled to answer it.

IV. **DEFENDANT'S OBJECTIONS TO INTERROGATORY NO. 3 SHOULD BE STRICKEN AND DEFENDANT SHOULD BE COMPELLED TO PROVIDE A COMPLETE ANSWER.**

---

[1] This male inmate was under video surveillance while at Stroger and the masturbation incident was likely caught on video but Defendant, CCSO, has failed to produce it to date.

4

7. Defendant refused to provide an answer to Interrogatory No. 3 and made a bunch of boilerplate objections and unsupported privilege claims as follows:

> 3. Identify each and every complaint Defendant or its agents and employees received from any male medical staff at John H. Stroger, Jr., Hospital of Cook County, about male inmate patients sexually harassing or sexually abusing them by masturbating and making crude requests for sexual favors between January 1, 2015, through present by identifying the date of the complaint, the name of the complainant, the name or number of the inmate patients, and any action taken by the Defendant.
>
> ANSWER: Defendant objects to Interrogatory No. 3 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, seeks information not relevant to any claim or defense in this matter and seeks confidential protected health information. Defendant further objects to Interrogatory No. 3 as it seeks information privileged under the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act. Subject to and without waiving the foregoing objections and General Objections, Defendant's system which logs safety complaints and incidents does not require complainants to indicate gender, and allows for complaints to be searched anonymously. For that reason, Defendant cannot perform a search for complaints filed by male employees. Defendant is not aware of any complaints filed by mail medical staff on 7 West in Stroger Hospital. Investigation continues. Defendant reserves the right to supplement.

(See Pl.'s Ex. 2 at No. 3).

As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5). See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. The information sought in Interrogatory No. 3 is relevant to disprove Defendant's denials of Plaintiff's Second Amended Complaint at ¶¶ 64 and 65 that Defendant knew male inmates would not sexually harass male medical staff in a similar manner female medical staff were sexually harassed and that Defendant was aware that the sexual harassment was directed against female medical staff because of their sex. Defendant chose to place this in issue with its pleadings and should not be allowed to escape having to provide a complete answer to Interrogatory No. 3.

### V. DEFENDANT SHOULD BE COMPELLED TO PROVIDE A COMPLETE ANSWER TO INTERROGATORY NO. 4.

8. As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5). See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 4). Defendant's Answer to Plaintiff's Second Amended Complaint at ¶¶ 33, 36, 39, 43, 46-48, and 57-59 claims lack of specific knowledge of any of the incidents of sexual harassment and sexual abuse that Plaintiff claims occurred on April 26, 2016, May 16, 2016, November 1, 2017, November 15, 2017, and January 28, 2018, requiring Plaintiff to prove these allegations. Interrogatory No. 4 seeks the names, last known addresses, phone numbers, and the crimes that the male inmate patients were charged with on each of the dates Plaintiff experienced sexual harassment. (See Pl.'s Ex. 2 at No. 4). Defendant placed the identity of these male inmates alleged to have sexual harassed the Plaintiff in issue with its pleadings and should be ordered to provide a complete answer to Interrogatory No. 4.

**VI. DEFENDANT REFUSED TO ANSWER INTERROGATORY NO. 5 SEEKING INFORMATION ABOUT WHETHER THE DEFENDANT KNEW THE INMATE PATIENTS THAT SEXUALLY HARASSED THE PLAINTIFF PREVIOUSLY SEXUALLY HARASSED OTHER FEMALE EMPLOYEES.**

9. As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5) to refuse to answer Interrogatory No. 5. See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 5). Defendant denies it had knowledge that male inmates would sexually harass and sexual abuse its medical staff and placed its knowledge and notice of male inmate patient's sexual harassment at issue in the pleadings. Defendant should be compelled to provide a complete answer to Interrogatory No. 5 seeking discovery on whether the Defendant had notice or knowledge that the male inmates that sexually harassed the Plaintiff on the dates

identified in Interrogatory No. 4 sexually harassed other female employees and the details of this notice and knowledge that it purposefully placed in issue with its pleadings. Defendant should not be allowed to dodge providing a complete answer to Interrogatory No. 5.

### VII. DEFENDANT SHOULD BE COMPELLED TO ANSWER WHETHER IT WITHHELD ANY RESPONSIVE INFORMATION TO INTERROGATORY NO. 7 ON THE BASIS OF ANY PRIVILEGE CLAIM.

10. As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5) to refuse to answer Interrogatory No. 7. See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 7). Defendant should be compelled to state whether it withheld any responsive information to Interrogatory No. 7 on the basis of any alleged privilege and provide a privilege log. (See Pl.'s Ex. 2 at No. 7).

### VIII. DEFENDANT REFUSED TO ANSWER INTERROGATORY NO. 8.

11. As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5) to refuse to answer Interrogatory No. 8. See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 8). Defendant completely refuses to identify any information about whether its executive/management employees had any communications with Defendant, CCSO's executive/management staff about male inmate patients sexually harassing female medical staff. These conversations are clearly relevant to proving the Defendant's notice and knowledge of inmate patients' sexual harassment of female medical staff and whether any steps were being taken to prevent any further sexual harassment. (See Pl.'s Ex. 2 at No. 8). Defendant should be compelled to provide a complete answer to Interrogatory No. 8.

**IX.　DEFENDANT SHOULD BE COMPELLED TO ANSWER WHETHER IT WITHHELD ANY INFOMRATION RESPONSIVE TO INTERROGATORY NO. 9.**

12.　As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5) to refuse to answer Interrogatory No. 9. See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 9). Defendant should be compelled to state whether it withheld any responsive information to Interrogatory No. 9 on the basis of any alleged privilege and provide a privilege log because Plaintiff has produced emails to the Defendant clearly stating that other incidents of sexual harassment with certain male inmates had occurred before her shift. (See Pl.'s Ex. 2 at No. 9).

**X.　DEFENDANT SHOULD BE COMPELLED TO ANSWER WHETHER IT WITHHELD ANY INFOMRATION RESPONSIVE TO INTERROGATORIES NO. 10 AND 11.**

13.　As previously stated, Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5) to refuse to answer Interrogatories No. 10 and 11. See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 10 and 11). Defendant should be compelled to state whether it withheld any responsive information to Interrogatories No. 10 and 11 on the basis of any alleged privilege and provide a privilege log. (See Pl.'s Ex. 2 at No. 10 and 11).

**XI.　DEFENDANT REFUSES TO ANSWER INTERROGATORIES NO. 12-16 SPECIFICALLY DIRECTED AT ITS AFFIRMATIVE DEFENSES.**

14.　Plaintiff's Interrogatories No. 12 – 16 seeks discovery on the facts that support Defendant's Affirmative Defenses in ¶¶ 2, 4, 5, 9, and 10, and the identities of the witnesses having knowledge of those facts. (See Pl.'s Ex. 2 at No. 12-16 and Def.'s Affirmative Defenses at ¶¶ 2, 4, 5, 9, and 10, attached as Pl.'s Ex. 3 and hereinafter referred to as Pl.'s Ex. 3).

Defendant cannot rely on its unsupported ineffectual general boilerplate objections and unsupported privilege objections that fail to comply with Rule 26(b)(5) to refuse to answer Interrogatories No. 12-16. See Flentye, 2007 U.S. Dist. LEXIS 74260 at *4. (See Pl.'s Ex. 2 at No. 12-16 and Pl.'s Ex. 3 at ¶¶ 2, 4, 5, 9, and 10). Defendant's Affirmative Defense ¶ 2 alleges, "Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm and yet Defendant refuses to identify the facts and witnesses supporting this Affirmative Defense. (See Pl.'s Ex. 2 at No. 12 and Pl.'s Ex. 3 at ¶ 2). If Defendant has no facts or witnesses supporting this Affirmative Defense it could be in violation of Fed. R. Civ. P. 11 for not having a good faith basis for alleging this Affirmative Defense. This Affirmative Defense may not be a proper Affirmative Defense because it sound like comparative fault which is not a defense to sexual harassment. Defendant refuses to answer Interrogatory No. 14 seeking the facts and identifies of the witnesses supporting Defendant's Affirmative Defense in ¶ 9 alleging, "Any recovery is barred to the extent Plaintiff failed to use ordinary care and diligence and failed to comply substantially with the reasonable directions of CCHHS management and/or failed to otherwise conduct herself in accordance with normal standards of care. (See Pl.'s Ex. 2 at No. 14 and Pl.'s Ex. 3 at ¶ 9). Defendant is in violation of Fed. R. Civ. P. 11 if it has no good faith basis for alleging this Affirmative Defense. This Affirmative Defense also sound like a comparative negligence defense which is not defense to sexual harassment. Defendant should be compelled to provide complete answers to Interrogatories No. 12 -16 directed at its Affirmative Defenses or in the alternative barred from raising these Affirmative Defenses and any evidence supporting those Affirmative Defenses at trial.

WHEREFORE, Plaintiff, DAVE FALGUNI, respectfully requests this Honorable Court grant Plaintiff, FALGUNI DAVE's Motion to Compel Defendant, Cook County, to provide complete answers to Interrogatories No. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 in five days and grant any additional relief deemed necessary and proper including attorney's fees and costs.

Dated: April 15, 2019                      Respectfully submitted,

                                       /s/ Brian J. Graber
                                   Attorneys for Plaintiff, Falguni Dave, R.N.

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Falguni Dave, R.N.
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
E-mail: graberlaw1973@gmail.com