IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FALGUNI DAVE, | )<br>) |
| Plaintiff, | ) Case No. 2018 CV 2949<br>) |
| v. | )<br>) District Judge Matthew F. Kennelly |
| COOK COUNTY, THOMAS J. DART, in his<br>Official Capacity as Sheriff of Cook County, and<br>COOK COUNTY SHERIFF'S OFFICE, | )<br>) Magistrate Judge Daniel G. Martin<br>) |
| Defendants. | )<br>) |

## CERTIFICATE OF MEET AND CONFER

1. I, Brian J. Graber, Attorney for Plaintiff, FALGUNI DAVE, certify that I prepared a letter to attorneys, Elizabeth Ekl and Colleen Harvey for Defendant, Cook County, outlining the improper objections to Plaintiff's 1st Set of Interrogatories and Request for Production, Defendant's evasive and non-responsive answers to these written discovery requests, and Defendant's improper claims of privilege to Plaintiff's written discovery requests as well as the Defendant's failure to provide any privilege log for any materials withheld on any alleged privileges.

2. On February 11, 2019, at 3:00 p.m., I had a meet and confer by phone lasting approximately twenty-minutes with Defendant's attorney, Ms. Ekl regarding the above described issues with Defendant's answers to written discovery. Defense counsel promised to supplement answers to written discovery and provide a privilege log by February 13, 2019.

3. On February 13, 2019, Defense counsel failed to provide any supplemental answers to Defendant's written discovery and provide any up-dated privilege log.



1

4. On February 26, 2019, I had another meet and confer with Defendant's attorney, Ms. Ekl, who promised to have all written discovery supplemented and any privilege log by Friday, March 1, 2019.

5. On Friday, March 1, 2019, Defendant failed to provide any supplemental answers to written discovery or any privilege log as previously promised.

6. On March 8, 2019, I emailed Defendant's attorney, Ms. Ekl regarding the Defendant's failure to supplement written discovery.

7. On March 13, 2019, I reached out to Defendant's attorney, Ms. Ekl again requesting another meet and confer regarding the Defendant's failure to supplement written discovery and provide a privilege log.

8. On March 14, 2019, at 4:00 p.m., I had another meet and confer by telephone with Defendant's attorney, Ms. Ekl, regarding Defendant's need to supplement its answers to written discovery, especially the written discovery directed at Defendant's alleged affirmative defenses as well as the need to provide a privilege log. Defense counsel promised to have all written discovery supplemented by Friday, March 22, 2019.

9. On March 19, 2019, I sent Defendant's attorney, Ms. Ekl, an email letting her know that I really need to get answers to written discovery directed at the Defendant's alleged Affirmative Defenses.

10. On March 22, 2019, Defendant failed to supplement written discovery especially the written discovery directed at its Affirmative Defenses or provide any privilege log for its privilege objections made throughout its answers to written discovery.

11. On March 27, 2019, I emailed Defendant's attorney, Ms. Ekl, that not much had been received in the way of supplemented answers to written discovery and that Plaintiff needs

answers to written discovery directed at Defendant's Affirmative Defenses No. 1, 2, and 9 otherwise a motion would be filed by the end of the week. Defense counsel demanded another meet and confer.

12. On March 28, 2019, I reached out to Defendant's attorney, Ms. Ekl, by email seeking a date for another meet and confer.

14. On March 29, 2019, at 1:00 p.m., I had another meet and confer with Defendant's attorney, Ms. Ekl, regarding the same issues with Defendant's written discovery. While Defendant did produce some documents that week, Plaintiff needs amended answers to the written discovery requests especially as to the written discovery directed at Defendant's Affirmative Defenses and the Defendant has made groundless objections to quite a few discovery requests as well as groundless privilege claims. Defendant's attorney promised to have a response later that day when it would comply with written discovery. Defense counsel never responded as promised by the end of the day.

15. On or about April 2, 2019, Defendant's attorney called and promised to have written discovery supplemented by April 5, 2019.

16. On April 5, 2019, Defendant's attorney, Ms. Ekl, requested until April 10, 2019, to supplement its answers to Plaintiff's written discovery. Plaintiff agreed to the extension.

17. On April 10, 2019, Defendant failed to supplement its answers to written discovery and provide any privilege log. Plaintiff is not obligated to have continuous meet and confers with the Defendant regarding its obligation to provide complete answers to written discovery and provide a privilege log for all materials it refused to produce based on privilege claims.

18. Pursuant to LR37.2 after several consultations with Defendant's attorney by telephone and in good faith attempts to resolve this discovery dispute the parties have been unable to reach an accord.

Respectfully submitted,

/s/ Brian J. Graber
Attorney for Plaintiff, Falguni Dave, R.N.

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Falguni Dave, R.N.
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
Email: graberlaw1973@gmail.com