## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FALGUNI DAVE, | ) |
| Plaintiff, | ) No. 18 CV 2949 |
| vs. | ) Honorable Judge<br>) Matthew F. Kennelly |
| COOK COUNTY, *et al.*, | ) |
| Defendants | ) Honorable Magistrate Judge<br>) Daniel G. Martin |

### DEFENDANT COOK COUNTY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES DEFENDANT COOK COUNTY, by Kimberly M. Foxx, Cook County's State's Attorney, through her assistant Colleen Harvey, and hereby answers the Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1. Defendant objects to each interrogatory, to the extent that it seeks to impose duties and obligations beyond or inconsistent with those imposed under the Federal Rules of Civil Procedure or the Local Rules.

2. Defendant objects to each interrogatory to the extent that it calls for the disclosure or information that is protected by the attorney-client privilege, the attorney work-product doctrine, Fed. R. Civ. P. 26(b)(3), or any other applicable law, rule, privilege, or immunity.

3. Defendant objects to each interrogatory to the extent that it calls for the disclosure or information that contains any confidential information belonging to Defendant or any third party, including but not limited to personal identification data such as Social Security numbers, dates of birth, financial account numbers, home addresses, or medical information, until a suitable protective order is entered in this case.

4. Defendant reserves all objections or questions to the competency, relevance, materiality, privilege, or admissibility of any information, document or thing produced in response to Plaintiff's interrogatories as evidence in any subsequent proceeding, hearing, or trial in this or any other action for any purpose whatsoever.

5. Defendant objects to each interrogatory that separately seeks substantive information on



unrelated topics, a separate identification of witnesses, and/or a separate identification of documents as such interrogatories are compound and constitute multiple discrete subparts.

6. Defendant objects to each interrogatory to the extent that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information.

7. Defendant objects to the interrogatories to the extent that they seek information that is either not in Defendant's possession, custody or control, or is more appropriately obtained from other sources than Defendant or by other means of discovery.

8. Defendant incorporates these General Objections into each specific response below as if they were fully represented therein. Neither the inclusion of any specific objection in response to a request, nor the failure to include any general or specific objection in response to a request shall in any way be deemed as a waiver of any general objection made herein or that may be asserted at another date.

9. Defendant has not fully completed Defendant's investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparing for trial or hearing. Thus, all the objections and Answers contained herein are based only upon such information and documents which are presently available and specifically known to Defendant. Defendant, accordingly, reserves the right to amend, alter or supplement any and all Answers herein at any time as additional information is discovered.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

I. Identify the name(s) of the governmental entity(ies) or department(s) responsible for protecting Defendant's female medical staff (i.e., nurses like the Plaintiff) at John H. Stroger, Jr., Hospital of Cook County from male inmate patients' sexual harassment and sexual abuse between January 1, 2015, to present.

**ANSWER:** Defendant objects to Interrogatory No. 1 on the grounds that it is unduly burdensome, overly broad, confusing, not reasonably limited in time and scope, seeks attorney-client or attorney work-product privileged communications, is vague and seeks information not relevant to any claim or defense in this matter. Subject to and without waiving the foregoing objections and General Objections, Defendant states that employee complaints about the conduct

of detainee patients are referred to the Stroger Hospital Police Department and the Cook County Department of Corrections for investigation. Investigation continues. Defendant reserves the right to supplement its response.

2. State whether the Defendant was aware of Dr. Watts' instructions or orders that the inmate patient in room 7534 on April 26, 2016, should not have any female medical staff because of his known sexually harassing and sexually abusive behavior as well as any ordered precautions for female medical staff and describe the steps Defendant took on April 26, 2016, to protect its female medical staff from sexual harassment by this inmate patient.

ANSWER: Defendant objects to Interrogatory No. 2 on the grounds that it is unduly burdensome, overly broad, confusing, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, and seeks information not relevant to any claim or defense in this matter. Defendant further objects to Interrogatory No. 2 as it seeks information privileged under the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act and seeks confidential protected health information. Subject to and without waiving the foregoing objections and General Objections, Defendant lacks sufficient information to respond at this time. Defendant would need to review the patient's medical record to provide a complete answer. Defendant can only search medical records with a patient name or medical record number. Investigation continues. Defendant reserves the right to supplement its response.

3. Identify each and every complaint Defendant or its agents and employees received from any male medical staff at John H. Stroger, Jr., Hospital of Cook County, about male inmate patients sexually harassing or sexually abusing them by masturbating and making crude requests for sexual favors between January 1, 2015, through present by identifying the date

3

of the complaint, the name of the complainant, the name or number of the inmate patients, and any action taken by the Defendant.

ANSWER: Defendant objects to Interrogatory No. 3 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, seeks information not relevant to any claim or defense in this matter and seeks confidential protected health information. Defendant further objects to Interrogatory No. 3 as it seeks information privileged under the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act. Subject to and without waiving the foregoing objections and General Objections, Defendant's system which logs safety complaints and incidents does not require complainants to indicate gender, and allows for complaints to be filed anonymously. For that reason, Defendant cannot perform a search for complaints filed by male employees. Defendant is not aware of any complaints filed by male medical staff on 7 West in Stroger Hospital. Investigation continues. Defendant reserves the right to supplement its response.

4. Identify the names, inmate numbers, last known addresses, phone numbers, their parole officers' contact information, and identify the crimes these male inmates were charged with for each of the male inmate patients Plaintiff claims sexually harassed and sexually abused her during her 7:00 a.m., to 3:00 p.m., shift in her 1st Amended Complaint at Law on each of the following dates:

    a)      April 26, 2016, (inmate patient in 7532, unknown room for second inmate).

    b)      May 16, 2016.

    c)      November 1, 2017.

    d)      November 5, 2017, (inmate in 7535A .MRN #792204380).

  e)  January 28, 2018, (inmate in 7531B around 11:20 a.m.).

  ANSWER: Defendant objects to Interrogatory No. 4 on the grounds that it is unduly burdensome, overly broad, vague, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, seeks information that is not relevant to any claim or defense in this matter, seeks information privileged under the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act, and seeks confidential protected health information. Defendant further objects to Interrogatory No. 4 as it seeks information that is not in Defendant's possession, custody or control, and is more appropriately obtained from other sources. Subject to and without waiving the foregoing objections and General Objections, Defendant lacks sufficient information to answer this Interrogatory and is further is prohibited by law from disclosing protected health information. Investigation continues. Defendant reserves the right to supplement its response.

  5.  State whether Defendant or any of its agents and employees ever received any prior complaints, reports, emails, text messages, or documents of any kind including electronically stored information about the male inmate patients identified in Interrogatory No. 4 above, engaging in any kind of sexual harassment or sexual abuse, including but not limited to masturbating in front of female staff or female contractors or any females anywhere while these male inmates were seeking medical care from the Defendant. If so, please state the following:

  a)  The names of the inmates and the dates of the complaints, reports, emails, text messages, or documents of any kind including electronically stored information of the prior sexual harassment and sexual abuse, including masturbating and making crude requests for sexual favors;

b) State the name(s), address(es), phone number(s), employer(s), position(s), and current employment status(es) of the female employee(s) or female contractor(s) making the complaints of sexual harassment and sexual abuse (which includes masturbation and crude requests for sexual favors) against the male inmates;

c) Briefly describe the nature of the complaint(s) involving the sexual harassment and sexual abuse claimed to have been claimed to be committed by the male inmates.

ANSWER: Defendant objects to Interrogatory No. 5 on the grounds that it is unduly burdensome, overly broad, vague not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, seeks information that is not relevant to any claim or defense in this matter, seeks information privileged under the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act, and seeks confidential protected health information. Subject to and without waiving the foregoing objections and General objections, Defendant lacks sufficient information to identify the male detainee patients referred to in Interrogatory No. 4 and further is prohibited by law from disclosing protected health information. Investigation continues. Defendant reserves the right to supplement its response.

6. State whether Defendant's management employees Agnes M. Therady, Aleisa Coe, Beena Philip, Linda Liu, Elizabeth Lalasz, Dragica Vlahovic, John Jay Shannon, and Janelle Caldwell, are obligated under the Defendant's EEO Discrimination and Harassment Policy in effect between January 1, 2016, to present to contact Defendant's EEO Department about female medical employees' complaints of sexual harassment from male inmate patients.

ANSWER: Defendant objects to Interrogatory No. 6 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, and seeks information not relevant to any

claim or defense in this matter. Subject to and without waiving the foregoing objections and General objections, Defendant refers Plaintiff to Defendant's EEO Discrimination and Harassment Policy, produced in this case as Bates-stamped Cook County (Dave) 772-778. Defendant states that the EEO Discrimination and Harassment Policy referred to herein applies to "Workforce Members." Because detainee patients are not "Workforce Members" or employees of Defendant, complaints about detainee patient conduct are referred to the Stroger Hospital Police Department and the Cook County Department of Corrections for investigation. Investigation continues. Defendant reserves the right to supplement its response.

7. Identify all the steps and the dates that Defendant took those steps between January 1, 2015, to present to prevent and promptly correct male inmates from sexually harassing and sexually abusing female medical staff at the John H. Stroger, Jr., Hospital of Cook County between January 1, 2015, and present.

ANSWER: Defendant objects to Interrogatory No. 7 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, not proportional to the needs of this case within the meaning of Rule 26(a)(1), seeks attorney-client or work-product privileged communications, is vague, seeks information not relevant to any claim or defense in this matter and seeks confidential protected health information. Subject to and without waiving the foregoing objections and General objections, Defendant's management employees took the following steps to address detainee patient conduct since January 1, 2015:

(a) Ongoing since January 1, 2015: Directed employees to report incidents involving detainee patients to the Stroger Hospital Police Department.

(b) Ongoing since January 1, 2015: Reported incidents involving detainee patients to the Cook County Department of Corrections.

7

(c) Ongoing since January 1, 2015: Directed employees to report incidents involving detainee patients to the Cook County Department of Corrections.

(d) January 2017 and February 2018: Provided in-service training to medical staff on 7 West on how to provide medical care to detainee patients.

(e) November 2017 and continuing: Held quarterly meetings with representatives of the Cook County Department of Corrections to discuss a variety of issues involving detainee patients, including concerns and complaints about the conduct of detainee patients.

(f) November 2017 and continuing: Developed work groups to report on specific topics, such as patient shackling and security, at quarterly meetings between CCHHS administration and Cook County Department of Corrections representatives.

(g) November 2017 and continuing: CCHHS Nursing Leadership met with all nursing staff on 7 West to understand the challenges working with detainee patients.

(h) November 2017 and continuing: Increased the frequency of Nursing Leadership rounds on 7 West.

(i) November 2017: Created an orientation guide for detainee patients.

(j) July 2018: Collaborated with Cook County Department of Corrections on a process by which CCHHS employees can report incidents and file charges against detainee patients.

(k) August 2018: Stroger Hospital Police Department conducted Workplace Violence Training and Crisis Intervention and Prevention Training.

Investigation continues. Defendant reserves the right to supplement its response.

8. State whether Defendant or any of its executive/management employees had any conversations with any of Defendant, Thomas J. Dart, in his Official Capacity as Sheriff of Cook County's executive/management employees about male inmate patients sexually harassing and/or sexually harassing female medical staff, including male inmate patients masturbating in front of female medical staff either in person, by telephone, by correspondence, or electronically by skype, email, or text messages. If so, please state the following information:

a) Dates and the names of the Defendant or any of his executive/management employees involved in each such conversations and the names of the Cook County Health & Hospital System executive/management employees involved;

b) When, where and how each of the conversations took place;

c) Briefly describe the subject matter of the conversations;

d) Briefly describe what took place for each of the conversations.

ANSWER: Defendant objects to Interrogatory No. 8 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, not proportional to the needs of this case within the meaning of Rule 26(a)(1), seeks attorney-client or work-product privileged communications, is vague, seeks information not relevant to any claim or defense in this matter and seeks confidential protected health information. Subject to and without waiving the foregoing objections and General Objections, Defendant states it would be extremely burdensome to gather and list every communication its management employees have had with representatives of the Sheriff's Office of Cook County. Defendant has and continues to work the Cook County Department of Corrections to ensure the safety of Defendant's staff who provide medical care to detainee patients. Defendant reports employee complaints about the conduct of detainee patients to the Cook County Department of Corrections. Defendant has

9

initiated regular meetings between CCHHS administration and representatives of the Cook County Department of Corrections to address concerns about the care and treatment of detainee patients. Defendant refers Plaintiff to bates-stamped documents produced in this case, including but not limited to Cook County (Dave) 969-982. Investigation continues. Defendant reserves the right to supplement its response.

9. Identify any and all documents, reports, emails, text messages, electronically stored information, complaints, EEOC Charges, IDHR Charges, and lawsuits Defendant received between January 1, 2015, to present from any female medical employees complaining about sexual harassment and sexual abuse from male inmate patients, including but not limited to incidents of masturbation and making crude requests for sexual favors and physical abuse of female medical staff.

ANSWER: Defendant objects to Interrogatory No. 9 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, seeks information not relevant to any claim or defense in this matter, nor is proportional to the needs of this case. Defendant further objects to Interrogatory No. 9 on the basis that it seeks information that is privileged under the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act, and seeks confidential protected health information. Subject to and without waiving the foregoing objections and General Objections, in addition to Plaintiff's, Defendant is aware of one EEOC Charge alleging sexual harassment by detainee patients, filed by Correctional Medical Technician Tavi Burroughs. Ms. Burroughs is Plaintiff in a case related to this matter, *Howard v. Cook County Sheriff's Office*, et. al., 17-cv-8146. Investigation continues. Defendant reserves the right to supplement its response.

10

10. State whether Agnes M. Therady, Aleisa Coe, Beena Philip, Linda Liu, Elizabeth Lalasz, Dragica Vlahovic, John Jay Shannon, and Janelle Caldwell ever reported Plaintiff's complaints of sexual harassment and sexual abuse by male inmate patients as alleged in her 1'" Amended Complaint to Defendant's EEO Division.

ANSWER: Defendant objects to Interrogatory No. 10 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, and seeks information not relevant to any claim or defense in this matter. Subject to and without waiving the foregoing objections and General Objections, Defendant refers Plaintiff to Defendant's EEO Discrimination and Harassment Policy, produced in this case as bates-stamped Cook County (Dave) 772-778. The EEO Discrimination and Harassment Policy referred to herein applies to "Workforce Members". Because detainees are not "Workforce Members" or employees of Defendant, complaints about detainee patient conduct are referred to the Stroger Hospital Police Department and the Cook County Department of Corrections for investigation. Investigation continues. Defendant reserves the right to supplement its response.

11. State the whether the Defendant's EEO Division ever determined whether Plaintiff's complaints of sexual harassment and sexual abuse as alleged in the 1st Amended Complaint was sexual harassment in violation of Defendant's EEO Discrimination and Harassment Policy and describe what steps were taken to correct or prevent any further sexual harassment.

ANSWER: Defendant objects to Interrogatory No. 11 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, and seeks information not relevant to any

claim or defense in this matter. Subject to and without waiving the foregoing objections and General Objections, Defendant refers Plaintiff to Defendant's EEO Discrimination and Harassment Policy, produced in this case as bates-stamped Cook County (Dave) 772-778. The EEO Discrimination and Harassment Policy referred to herein applies to "Workforce Members". Because detainees are not "Workforce Members" or employees of Defendant, complaints about detainee patient conduct are referred to the Stroger Hospital Police Department and the Cook County Department of Corrections for investigation. Investigation continues. Defendant reserves the right to supplement its response.

12. Identify the facts that support Defendant's Affirmative Defense to Plaintiff's Complaint at Law in Paragraph No. 2, as well as the name(s), address(es), phone number(s), employer(s), position(s), and current employment status(es) of the persons who have knowledge of those facts.

ANSWER: Defendant objects to Interrogatory No. 12 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, and seeks protected health information. Defendant further objects to Interrogatory No. 12 on the basis that it seeks information privileged pursuant to the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act. Subject to and without waiving the foregoing objections and General Objections, Defendant states that its investigation is ongoing and further facts will be presented in response to this Interrogatory if the investigation reveals that Plaintiff did not report incidents involving detainee conduct, did not participate in an investigation and/or did not follow the directive of management to remove herself from what she viewed as a threatening situation. Investigation continues. Defendant reserves the right to supplement its response.

13. Identify the facts that support Defendant's Affirmative Defenses to Plaintiff's Complaint at Law in Paragraph No. 5, as well as the name(s), address(es), phone number(s), employer(s), position(s), and current employment status(es) of the persons who have knowledge of those facts.

ANSWER: Defendant objects to Interrogatory No. 13 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications and is vague. Subject to and without waiving the foregoing objections and General Objections, Defendant's investigation is ongoing and further information will be presented in response to this Interrogatory as the investigation continues. Defendant reserves the right to supplement its response.

14. Identify the facts that support Defendant's Affirmative Defenses to Plaintiff's Complaint at Law in Paragraph No. 9, as well as the name(s), address(es), phone number(s), employer(s), position(s), and current employment status(es) of the persons who have knowledge of those facts.

ANSWER: Defendant objects to Interrogatory No. 14 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, and seeks confidential protected health information. Defendant further objects to Interrogatory No. 14 to the extent it seeks information that is privileged pursuant to the Patient Safety and Quality Improvement Act and the Illinois Medical Studies Act. Subject to and without waiving the foregoing objections and General objections, Defendant states that its investigation is ongoing and further facts will be presented in response to this Interrogatory if the investigation reveals that Plaintiff did not report incidents involving detainee conduct, did not participate in an investigation and/or did not follow the

directive of management to remove herself from what she viewed as a threatening situation. Investigation continues. Defendant reserves the right to supplement its response.

15. Identify the facts that support Defendant's Affirmative Defenses to Plaintiff's Complaint at Law in Paragraph No. 10, as well as the name(s), address(es), phone number(s), employer(s), position(s), and current employment status(es) of the persons who have knowledge of those facts.

ANSWER: Defendant objects to Interrogatory No. 15 on the grounds that it is unduly burdensome, overly broad and not reasonably limited in time and scope. Subject to and without waiving the foregoing objections and General objections, Defendant states that Affirmative Defense No. 10 is applicable to the extent that Plaintiff's claims in her Charge of Discrimination and First Amended Complaint were filed outside of the applicable statute of limitations. Investigation continues. Defendant reserves the right to supplement its response.

16. Identify the facts that support Defendant's Affirmative Defenses to Plaintiff's Complaint at Law in Paragraph No. 4, as well as the name(s), address(es), phone number(s), employer(s), position(s), and current employment status(es) of the persons who have knowledge of those facts.

ANSWER: Defendant objects to Interrogatory No. 16 on the grounds that it is unduly burdensome, overly broad, not reasonably limited in time and scope, seeks attorney-client or work-product privileged communications, is vague, and seeks information not relevant to any claim or defense in this matter. Subject to and without waiving the foregoing objections and General objections, Defendant states that Cook County's policies and practices are uniformly enforced on all employees and have not had a disproportionate negative effect upon employees

who have contact with detainee patients. Investigation continues. Defendant reserves the right to supplement its response.

                                      Respectfully submitted,

                                      KIMBERLY M. FOXX
                                      State's Attorney of Cook County

                       By:    */s/ Colleen Harvey*
                              Colleen Harvey
                              Assistant State's Attorney
                              Labor and Employment Section
                              500 Richard J. Daley Center, 5th Floor
                              Chicago, IL 60602
                              (312) 603-6665

## **CERTIFICATE OF SERVICE**

I, Colleen Harvey, Assistant State's Attorney, hereby certify that the attached *Defendant's Responses to Plaintiff's First Set of Interrogatories* was served upon

Brian J. Graber
Brian J. Graber, LTD
150 N. Michigan Ave., Suite 2800
Chicago, IL 60601
graberlaw1973@gmail.com

by email on October 10, 2018.

*/s/ Colleen Harvey*

## VERIFICATION

I, Joyce Schoonover, Director, Risk Management, Cook County Health and Hospitals System, state under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Defendant's Response to Plaintiff's First Set of Interrogatories and that the answers therein is true and correct to the best of my knowledge and belief. The Answers provided were not based on my sole recollection, memory and knowledge, but rather were gathered by reviewing the records and documents in possession of the Cook County Health and Hospitals System.

10/10/2018
DATE

Joyce Schoonover

1